ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| K-Con, Inc. | ) | ASBCA Nos. 60686, 60687 |
| | ) | |
| Under Contract Nos. W912SV-13-F-0100 | ) | |
| W912SV-13-F-0121 | ) | |

APPEARANCES FOR THE APPELLANT:     Robert J. Symon, Esq.
                                   Aron C. Beezley, Esq.
                                     Bradley Arant Boult Cummings LLP
                                     Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                   Army Chief Trial Attorney
                                   MAJ Christopher M. Coy, JA
                                   Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE WOODROW
ON APPELLANT'S MOTION FOR RECONSIDERATION

On 6 February 2017, appellant, K-Con, Inc., timely moved for reconsideration of the Board's 12 January 2017 decision. *K-Con, Inc.*, ASBCA Nos. 60686, 60687, 17-1 BCA ¶ 36,632. In its motion for reconsideration, K-Con contends that the Board improperly ignored K-Con's argument in its brief concerning the United States District Court for the Northern District of Illinois' opinion in *Faerber Elec. Co. v. Atlanta Tri-Com, Inc.*, 795 F. Supp. 240 (1992). In addition, K-Con requests that the Board reconsider its ruling in light of FAR 12.301, which addresses the clauses to be incorporated into commercial item contracts.

DISCUSSION

In deciding a motion for reconsideration, we examine whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Zulco International, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319. A motion for reconsideration does not provide the moving party the opportunity to reargue its position or to advance arguments that properly should have been presented in an earlier proceeding. *See Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). We do not grant motions for reconsideration absent a compelling reason. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453.

## I. *Faerber Electric* Does Not Compel a Different Result

K-Con first contends that the Board improperly ignored K-Con's argument in its initial brief concerning the U.S. District Court's opinion in *Faerber Electric*. Although K-Con acknowledges that decisions of United States District Courts are not binding on the Board, it contends that we should find the Court's decision persuasive, particularly given the absence of Board precedent on the precise issue.

*Faerber Electric* holds that, absent a bond being obtained, there is no claim directly under the Miller Act statute. We did not hold that the Miller Act is self-implementing in the sense that it creates a cause of action. Instead, we held that, pursuant to the *Christian* doctrine, the bonding requirements set forth in the Miller Act (and codified at FAR 52.228-15) are mandatory clauses that must be included in government construction contracts if they are omitted. We did not reach the further question – at issue in *Faerber Electric* – of whether a subcontractor possesses a right of action to sue the prime contractor if the prime contractor did not obtain a bond in connection with its contract with the government.

While it is true that *Faerber Electric* concluded that the Miller Act is *not* implicitly incorporated into any federal contract covered by the Act, it did so in the context of determining whether a subcontractor possessed a right of action against a prime contractor based on the presumption that the prime contractor would have obtained a bond pursuant to the Miller Act. 795 F. Supp. at 246 (citing, *inter alia*, *G.L. Christian & Assocs. v. United States*, 320 F.2d 345, 350-51 (1963)). Because the prime contractor's contract with the government did not include a bonding requirement, and the prime contractor did not obtain a bond, there was no bond on which the subcontractor could sue. The Court refused to create an implied cause of action to fill the lacuna created when both the contractor and the government contracting officer ignore the bonding requirement.

The conclusion in *Faerber Electric* – that the Miller Act bonding requirement is not implicitly incorporated into federal contracts covered by the Act – did not rest on analysis of the *Christian* doctrine. Specifically, *Faerber Electric* did not delve into whether the bonding requirement is a mandatory contract clause that expresses a significant or deeply ingrained strand of public procurement policy. *G.L. Christian & Associates v. United States*, 312 F.2d 418, 424, 427 (Ct. Cl. 1963). Instead, *Faerber Electric's* analysis focused on whether the Miller Act bonding requirement should be incorporated into the government contract for the purpose of creating a private right of action. *Faerber Electric* cited the Supreme Court's ruling in *Universities Research Association, Inc. v. Coutu*, 450 U.S. 754 (1981) for a precedential test to determine whether a statute may create an implied right of action.

For these reasons, we did not consider *Faerber Electric* persuasive and did not rely on it in our analysis of the *Christian* doctrine.

## II. Consideration of FAR 12.301 Does Not Alter Our Holding

K-Con next contends that FAR 52.228-15 should not be incorporated into the contracts at issue because they are commercial items contracts (app. mot. at 3). K-Con relies on FAR 12.301, Solicitation Provisions and Contract Clauses for the Acquisition of Commercial Items, which sets forth the solicitation provisions and clauses to be included in a contract for the acquisition of commercial items (app. mot. at 3). K-Con contends that, because FAR 52.228-15 is not among the clauses listed in FAR 12.301, it is not mandatory in commercial items contracts (*id.*).

We rejected this very argument in our original decision when we held that "[b]oth contracts at issue in this appeal were for the 'construction, alteration, or repair of any public building'" as that phrase is defined in the Miller Act. 17-1 BCA ¶ 36,632 at 178,413. We further held that "the Miller Act applies to construction contracts, even when those contracts are solicited as commercial items, and requires those contracts to contain FAR 52.228-15." *Id.* at 178,414. We see no reason to abandon this holding merely because the Army elected to use commercial items procurement procedures to contract for the construction of these buildings.

Moreover, by its terms, FAR 12.301 does not *preclude* the extant incorporation of FAR 52.228-15 into commercial items contracts. FAR 12.301(a) states that commercial items contracts "shall, *to the maximum extent practicable*, include only those clauses – (1) Required to implement provisions of law or executive orders applicable to the acquisition of commercial items; or (2) Determined to be consistent with customary commercial practice" (emphasis added). As we concluded in our original decision, the record evidence demonstrates that these contracts were for construction-related activities and involved the types of risks generally associated with construction projects. 17-1 BCA ¶ 36,632 at 178,413-14. Therefore, we properly concluded that the contracts must include FAR 52.228-15.

Ultimately, K-Con recycles arguments made in its original motion. A motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon*, 741 F.3d at 1378 (citations omitted); *see also Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384.

3

## CONCLUSION

For these reasons, K-Con's motion for reconsideration is denied.

Dated: 8 May 2017

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60686, 60687, Appeals of K-Con, Inc. rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals